IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| VERA KELLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIV. ACT. NO. 2:13cv18-TFM |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) (WO) ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM OPINION**

**I. Procedural History**

Plaintiff Vera Kelley ("Kelley") applied for disability insurance benefits pursuant to Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*., and supplemental security income benefits pursuant to Title XVI, 42 U.S.C. § 1381 *et seq*., alleging that she is unable to work because of a disability. Her application was denied at the initial administrative level. The plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ concluded that Kelley was not under a "disability" as defined in the Social Security Act. The ALJ, therefore, denied the plaintiff's claim for benefits. The Appeals Council rejected a subsequent request for review. Consequently, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner").[1] *See Chester v.*

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

1

*Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.  The case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and 1631(c)(3).  Based on the court's review of the record in this case and the parties' briefs, the court concludes that the Commissioner's decision should be REVERSED and REMANDED.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .
>
> To make this determination, the Commissioner employs a five-step, sequential

evaluation process.  See 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[2]

---

[2] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986)  is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. The Issues

#### A.   Introduction

Kelley was 48 years old at the time of the hearing and is a high school graduate. (R. 148, 262). She has prior work experience as a line loader at Wellborn Cabinets. (R. 42). Kelley alleges that she became disabled on January 30, 2009, due to chronic back and knee pain, fibromyalgia, migraine headaches, diabetes, high blood pressure, and asthma. (R. 44-45). After the hearing on January 31, 2012, the ALJ found that Kelley suffers from severe impairments of fibromyalgia, osteoarthritis of the thoracic spine and

bilateral hands; chronic obstructive pulmonary disease (COPD) v. asthma; degenerative disc disease; chest pain of uncertain etiology; loss of vision in the right eye; migraine headaches; and obesity. (R. 20). In addition, he found that Kelley suffers from non-severe impairments of hypertension, gastroesophageal reflux disease (GERD), allergies, diabetes mellitus Type II, and depression. (*Id.*). The ALJ determined that Kelley retains the residual functional capacity to perform light work with limitations. (R. 21). Testimony from a vocational expert led the ALJ to conclude that a significant number of jobs exist in the national economy that Kelley can perform, including work as an inserter, inspector, and garment sorter. (R. 30). Accordingly, the ALJ concluded that Kelley is not disabled. (*Id.*).

### B. The Plaintiff's Claim

The sole issue presented by Kelley is whether the ALJ erred by relying on the opinion of a non-examining reviewing physician when the evidence from a consulting specialist dictates a contrary result. (Pl's Comp., p. 1).

### IV. Discussion

In his analysis, the ALJ assigned "little weight, if any" to the opinion of Dr. David A. McLain, a consultative rheumatologist, regarding Kelley's functional abilities[3] and "great weight" to the opinion of Dr. Robert H. Heilpern, a non-examining consultative physician. (R. 28).

---

[3] The ALJ also gave "Dr. McLain's diagnosis in those areas where he has some authority through being a rheumatologist, i.e., in fibromyalgia and arthritis, significant weight." (R. 28). However, he accorded "little weight if any to his opinions on functional abilities." (*Id.*).

Relying on the opinion of Dr. Heilpern, the ALJ determined that Kelley retains the residual functional capacity to perform light work except:

> The claimant would need to have a sit/stand option allowing her to alternate between sitting and standing positions at 30-60 minute intervals throughout the workday.  *She can frequently use her feet for pushing and/or pulling of foot control operations*.  She can never climb ramps, stairs, ladders, ropes, or scaffolds, or crawl.  She can occasionally balance, stoop, kneel, and crouch.  She can frequently use both her hands for handling and fingering.  She should avoid concentrated exposure to extreme cold and extreme heat as well as concentrated exposure to wetness, humidity, and irritants, such as fumes, odors, dust, gases, and poorly ventilated areas.  She should avoid all hazardous machinery and unprotected heights.  She is limited to occupations not requiring binocular vision or depth perception.  Work is limited to simple, routine and repetitive one to three step tasks in a low stress job, defined as having only occasional decision making and changes in the work setting.

(R. 21) (emphasis added).

Although the ALJ places great weight on the State Agency Medical Consultant's Opinion and relies upon it to determine Kelley's residual functional capacity, the ALJ fails to reconcile the internal inconsistencies in the consultant's report.  In December 2010, the non-examining consultative physician completed a Residual Functional Capacity Assessment in which he checked that Kelley's ability to push and/or pull, including operation of hand and/or foot controls, is limited in the lower extremities; however, he also specified that the reason for this conclusion is based on "[f]req[uently] push/pull due to L knee pain."  (*Id.*)  Despite the state consultant's finding that Kelley suffers left knee pain and that her ability to push or pull is limited, the ALJ relied on the non-examining consultative physician's assessment that she can frequently push or pull.  At a minimum, there exists a conflict or ambiguity in the evidence regarding Kelley's

ability to push or pull. When there is a conflict, inconsistency, or ambiguity in the record, the ALJ has an obligation to resolve the conflict, giving specific reasons supported by the evidence as to why he accepted or rejected one opinion regarding the plaintiff's capacity for work over another. When the ALJ determined that Kelley could perform light work, including the frequent use of her of feet for pushing and/or pulling of foot control operations, he ignored conflicting evidence in the same report that suggests that Kelley's ability to push or pull is limited in the lower extremities. An ALJ may not arbitrarily pick and choose facts from the medical evidence to support his conclusion without articulating specific, well supported reasons for crediting some evidence while discrediting other evidence. *Marbury, supra*.

The ALJ discounted Dr. McLain's opinion based on internal inconsistencies in his report. Nonetheless, the ALJ relies on Dr. Heilpern's report, which is also internally inconsistent, to discount Dr. McLain's residual functional capacity assessment. It is the responsibility of the ALJ, and not the court, to reconcile inconsistencies in the medical evidence. Because the ALJ did not properly reconcile these inconsistencies in the evidence, the court cannot conclude that the ALJ's decision is supported by substantial evidence.

The inconsistency in the evidence concerning Kelley's residual functional capacity is precisely the issue which the ALJ has failed to clarify and fully develop. Thus, doubt is necessarily cast on the ALJ's determination of Kelley's residual functional capacity. Without developing the record more fully by resolving the conflicts in the evidence, the ALJ could not make an informed decision on Kelley's residual functional capacity based

on the record before and thus, his decision is not supported by substantial evidence. Therefore, in light of the inadequate development of the record, the court cannot determine whether the ALJ's residual functional capacity determination that Kelley is able to perform light work with limitations is correct.

The court notes that the ALJ also discounted Dr. McLain's opinion on the basis that "[Kelley] underwent the examination performed by Dr. McLain not in an attempt to seek treatment for symptoms, but rather, through attorney referral and in connection with an effort to generate evidence for the current appeal" and that "the context in which it was produced cannot be entirely ignored." (R. 28). The rejection of an examining physician's findings on the basis that the examination was conducted at the request of the claimant's attorney is not a reason to contradict a medical specialist's opinion. *See Mulholland v. Astrue*, No. 1:06cv2913-AJB, 2008 WL 687326, *12 (N.D. Ga. Mar. 11, 2008).

"Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop the arguments both for and against granting benefits." *Sims v. Apfel*, 530 U.S. 103, 110-11 (2000). *See also Crawford & Co. v. Apfel*, 235 F.3d 1298, 1304 (11th Cir. 2000). In this regard, the ALJ failed in his duty to develop the record. Based on the ALJ's failure to resolve the inconsistencies in the medical evidence by developing the record in full, the court cannot determine whether

the ALJ's conclusion that the plaintiff is not disabled is based on substantial evidence.[4] Consequently, this case is due to be reversed and remanded to the Commissioner.

## V.    Conclusion

Accordingly, this case will be reversed and remanded to the Commissioner for further proceedings consistent with this opinion.

A separate order will be entered.

Done this 11th day of April, 2014.

                                              /s/Terry F. Moorer
                                          TERRY F. MOORER
                                          UNITED STATES MAGISTRATE JUDGE

---

[4] The court also notes that the ALJ's characterization of several of Kelley's daily activities is a mischaracterization of the evidence.  For example, the ALJ found that Kelley "walks down the road for about thirty minutes." (R. 24).  In a cardiovascular questionnaire, Kelley indicated that it takes her thirty minutes to walk to the end of her driveway and that she walks slow. (R. 194).  The ALJ also found that Kelley goes to church every Sunday and Wednesday. (R. 24).  During the hearing, Kelley stated that she attends church on Sunday.  When the ALJ asked Kelley if her church also has Wednesday services, she responded that her church does have services on Wednesday evening.  At no point, however, did Kelley state that she attends the Wednesday service. (R. 56-58).